UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL TUCKER,<br><br>              Plaintiff,<br><br>    v.<br><br>US BANK NATIONAL ASSOCIATION,<br><br>              Defendant. | CASE NO. C14-5796 RJB<br><br>ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO DIRECT SERVICE BY U.S. MARSHAL, AND DISMISSING CASE |

This matter comes before the court on plaintiff's application to proceed *in forma pauperis* (Dkt. 1), on plaintiff's motion requesting an order directing the U.S. Marshal to serve the summons and complaint (Dkt. 2), and on review of the complaint and cover sheet (Dkt. 1-1, at 1-5).

On October 6, 2014, plaintiff filed a civil complaint and an application to proceed *in forma pauperis* (IFP), that is, without paying the $400 filing fee for a civil case. Dkt. 1. Plaintiff also filed a civil complaint (Dkt. 1-1, at 2-5), and a motion requesting an order directing the U.S. Marshal to serve the summons and complaint (Dkt. 2).

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION TO
DIRECT SERVICE BY U.S. MARSHAL, AND
DISMISSING CASE- 1

1 **Standard for Granting Application for IFP.** The district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed *in forma pauperis*. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A district court may deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998), quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

**Plaintiff's Application to Proceed IFP.** Plaintiff states that she has a monthly income of $158.41 from a pension and $979 from a disability payment. Dkt. 1, at 1. Plaintiff states that her transportation expenses are $900 a month, and expenses for medicine are $450. Dkt. 1, at 2.

**Review of the Complaint.** The court has carefully reviewed the complaint in this matter. Because plaintiff filed this complaint *pro se*, the court has construed the pleadings liberally and has afforded plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

The complaint alleges that, in March of 2014, plaintiff was approved for an Ace Hardware US Bank VISA, with a $3,500 credit limit; and that, on September 26, 2014, she logged onto the account and discovered that her credit limit had been lowered to $2,600. Plaintiff claims that defendant US Bank National Association failed to provide her advance notice that her credit limit had been lowered, and that the reason given to her by Cardmember Services when she contacted the company consisted of false statements regarding her credit score, delinquencies, and credit history.

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION TO
DIRECT SERVICE BY U.S. MARSHAL, AND
DISMISSING CASE- 2

15 U.S.C. § 1637(i)(2) of the Truth in Lending Act (TILA) provides as follows:

> In the case of any credit card account under an open end consumer credit plan, a creditor shall provide a written notice of any significant change, as determined by rule of the Bureau, in the terms (including an increase in any fee or finance charge, other than as provided in paragraph (1)) of the cardholder agreement between the creditor and the obligor, not later than 45 days prior to the effective date of the change.

Plaintiff contends that defendant failed to give her advance notice of the decrease in her credit limit. However, TILA does not require an obligor to provide advance notice of a decrease in a credit limit, unless an over-the-limit fee or penalty rate was imposed as a result of the consumer exceeding the newly decreased credit limit. 12 C.F.R. § 226.9(c)(2)(vi). There are no allegations in the complaint that an over-the-limit fee or penalty rate was imposed as a result of plaintiff's exceeding the newly decreased credit limit. In fact, plaintiff alleged that she had "an excellent payment record" on both of the US Bank accounts she had. Dkt. 1-1, at 3. Further, to the extent that plaintiff claims that the decision to decrease her credit limit was based upon false information and analysis, plaintiff has not alleged a plausible basis for federal jurisdiction over such a claim.

This complaint is legally frivolous and fails to state a claim.

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir.1995). In this case, as discussed above, any attempt by plaintiff to amend the complaint would be futile.

**Decision on Application to Proceed IFP**. It appears that plaintiff has the income to pay the $400 filing fee in this case. Plaintiff has made a choice to file this civil action. While the costs of this action may place a burden on her resources, plaintiff appears to have sufficient

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION TO
DIRECT SERVICE BY U.S. MARSHAL, AND
DISMISSING CASE- 3

1  funds to pay the filing fee.  Further, based upon the above analysis of the deficiencies in the

2  complaint, the court should deny plaintiff's application to proceed *in forma pauperis*.

3  **Motion Requesting Order to Direct Service by U.S. Marshal.**  Plaintiff requests that

4  the court direct that the U.S. Marshal serve the summons and complaint on defendant.  This case

5  is dismissed by this order.  The request should be denied.

6  *Sua Sponte* **Dismissal.**  A federal court may dismiss a case *sua sponte* pursuant to

7  Fed.R.Civ.P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief

8  may be granted.  *See Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.1987) ("A trial

9  court may dismiss a claim *sua sponte* under Fed.R.Civ.P. 12(b)(6). Such a dismissal may be

10  made without notice where the claimant cannot possibly win relief.").  *See also Mallard v.*

11  *United States Dist. Court*, 490 U.S. 296, 307-08 (1989) (there is little doubt a federal court

12  would have the power to dismiss frivolous complaint *sua sponte*, even in absence of an express

13  statutory provision). A complaint is frivolous when it has no arguable basis in law or fact.

14  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). This case has no arguable basis in law

15  or fact.  The complaint should be dismissed as frivolous and for failure to state a claim.

16  **IFP on Appeal.**  In the event that plaintiff appeals this order, and/or appeals dismissal of

17  this case, IFP status should be denied by this court, without prejudice to plaintiff to file with the

18  Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis.*

19  **Future filings**.  Other than a Notice of Appeal, any filings in this case in the future will

20  be docketed by the Clerk but not acted upon by the court.

21  Accordingly, it is hereby **ORDERED** that plaintiff's  Application to Proceed *In Forma*

22  *Pauperis* (Dkt. 1) is **DENIED**. Plaintiff's motion requesting that the court direct the U.S.

23  Marshal to serve the summons and complaint (Dkt. 2) is **DENIED**. This case is **DISMISSED** as

24  ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION TO
DIRECT SERVICE BY U.S. MARSHAL, AND
DISMISSING CASE- 4

frivolous and for failure to state a claim. In the event that plaintiff appeals this order, IFP status is **DENIED** by this court, without prejudice to plaintiff to file with the Ninth Circuit U.S. Court of Appeals an application to proceed *in forma pauperis*. Other than a Notice of Appeal, any filings in this case in the future will be docketed by the Clerk but will not be acted upon by the court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of October, 2014.

_____
ROBERT J. BRYAN
United States District Judge

ORDER DENYING APPLICATION TO PROCEED
IN FORMA PAUPERIS, DENYING MOTION TO
DIRECT SERVICE BY U.S. MARSHAL, AND
DISMISSING CASE- 5